COPY

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

WILLIAM BRODBECK
    **PLAINTIFF**

        Use below number on
        all future pleadings

    -- vs --

        No.  A 2103127
            SUMMONS

MARYLAND MARKETSOURCE INC
    **DEFENDANT**

    MARYLAND MARKETSOURCE INC
    11700 GREAT OAKS WAY SUITE 500        D - 1
    ALPHARETTA GA 30022

You are notified
that you have been named Defendant(s) in a complaint filed by

    WILLIAM BRODBECK
    5765 CHEVIOT RD
    UNIT 3D
    CINCINNATI OH 45247

            Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET  ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.

Name and Address of attorney        AFTAB PUREVAL
MATTHEW G BRUCE            Clerk, Court of Common Pleas
11260 CHESTER ROAD              Hamilton County, Ohio
SUITE 825
CINCINNATI      OH      45246

        By  RICK HOFMANN
               Deputy

        Date:    September 9, 2021

D132892476

EXHIBIT A



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
September 7, 2021 04:31 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1106338

**WILLIAM BRODBECK**                    **A 2103127**

vs.

**MARYLAND
MARKETSOURCE INC**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 11**

EFR200

## IN THE COURT OF COMMON PLEAS
## FOR HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| WILLIAM BRODBECK<br>5765 Cheviot Road, Unit 3D<br>Cincinnati, OH 45247 | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | JUDGE: |
| v. | ) ) | |
| MARYLAND MARKETSOURCE, INC.<br>11700 Great Oaks Way, Suite 500<br>Alpharetta, GA 30022 | ) ) ) ) | **COMPLAINT FOR**<br>**DAMAGES AND**<br>**INJUNCTIVE RELIEF** |
| **Serve also:**<br>MARYLAND MARKETSOURCE, INC.<br>c/o Corp. Service Co.<br>(Stat. Agent)<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215 | ) ) ) ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| -and- | ) ) | |
| MARYLAND MARKETSOURCE, INC.<br>7301 Parkway Drive<br>Hanover, MD 21032 | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff WILLIAM BRODBECK by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES

1. Brodbeck is a resident of the city of Cincinnati, Hamilton County, Ohio.

2. Defendant MARYLAND MARKETSOURCE, INC., ("Marketsource, Inc.") is a foreign-incorporated, for-profit company that knowingly and purposefully engages in transactions and conducts business throughout the state of Ohio. The relevant location of the events and

omissions of this Complaint took place was 5765 Cheviot Road, Unit 3D, Cincinnati, OH 45247.

3. Marketsource, Inc. is, and was at all times hereinafter mentioned, Brodbeck's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 634, and R.C. § 4112.01 *et seq*.

4. Within 300 days of the adverse employment actions described herein, Brodbeck filed a Charge of Discrimination with the Equal Employment Opportunity commission ("EEOC"), Charge No. 473-2021-00238 ("EEOC Charge").

5. On June 24, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Brodbeck regarding the EEOC Charge.

6. Brodbeck received the Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

7. Brodbeck has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

8. Brodbeck has properly exhausted all administrative remedies pursuant to 29 C.F.R. § 114.407(b).

## JURISDICTION & VENUE

9. The material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

10. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1), (4), and/or (6).

11. Venue is proper pursuant to Civ. R. 3(C)(3) and/or (6).

2

12. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

13. Brodbeck is a former employee of Marketsource, Inc.

14. At all times noted herein, Brodbeck was qualified for his position with Marketsource, Inc.

15. At all times noted herein, Brodbeck could fully perform the essential functions of his job, with or without a reasonable accommodation.

16. Brodbeck is 64 years old (and was 62 years old during the relevant times herein), placing him in a protected class for his age.

17. Brodbeck worked for Marketsource, Inc., as a Brand Manager and Sales Representative from July 15, 2018, until Marketsource, Inc. wrongfully terminated Brodbeck's employment on or about June 4, 2020.

18. Soon after starting his employment, a Market Brand Manager position opened up and Brodbeck applied.

19. Brian Casper (late 30s/early 40s) and Marc Robinson (mid-50s) also applied for the position.

20. The position was given to Casper, who Brodbeck believed was a good choice.

21. Notably, the first two people who Casper fired were Brodbeck and Robinson.

22. Despite being passed over for the position, Brodbeck continued performing well in his role.

23. Brodbeck noticed that Casper micromanaged a bit too much, but otherwise thought he was doing a good job.

24. The circumstances changed however, in or around mid-March 2020 when the COVID-19 pandemic swept across the United States.

3

25. Brodbeck's age placed him at high risk of developing complications should he contract COVID-19.

26. Brodbeck worked for Marketsource, Inc. from his home in Cincinnati, Ohio and at the stores the company served in the surrounding area.

27. Starting in mid-March 2020, Brodbeck (and other employees) began working remotely.

28. After transitioning to remote work, Brodbeck noticed his job situation worsening.

29. Suddenly, Brand Managers' performance metrics began changing on a near-daily basis and Casper's micromanaging got more and more intense.

30. Casper called Brodbeck multiple times a day, which added pressure to his job and caused him to make more errors.

31. Marketsource Inc., particularly by and through Casper, began insisting that all Brand Managers complete reports in fifteen minutes even though it typically took Brodbeck and other Brand Managers thirty minutes.

32. When Brodbeck made mistakes or could not work fast enough, Casper would threaten Brodbeck with discipline.

33. Despite these threats, Brodbeck still fully met all of his metrics.

34. In or around mid-May 2020, Robinson's employment was terminated.

35. Notably, pre-COVID-19, Robinson was one of the top-performing Brand managers throughout the entire company.

36. Brodbeck was surprised to learn of Robinsons termination because of his fantastic record.

37. Robinson's sudden termination made Brodbeck nervous that his job might be in jeopardy too.

4

38. On or around May 28, 2020, Casper asked Brodbeck to a conference call with him and Front Office Manager Ben Brown (late 30s/early 40s).

39. During this conference call, Casper alleged that Brodbeck had uploaded some incorrect pictures on one of his reports.

40. Brodbeck apologized and explained that it must have been an error as he was only able to view thumbnails of the files prior to uploading.

41. Previously, Brodbeck was allowed to take his own photos of the displays, but now he was dealing almost entirely with photos provided via email from the stores. These provided photos were nearly indistinguishable from one another as the product displays were intentionally and consistently set up in the same way across various store locations.

42. In this instance, Brodbeck had taken the photos himself during his personal shopping.

43. Casper implied that Brodbeck had intentionally included the wrong pictures, and Brodbeck denied this stating that he had no incentive to intentionally include the wrong pictures.

44. Casper then asked Brodbeck for a written statement, which Brodbeck provided via email.

45. On or about June 4, 2020, Brodbeck had another meeting with Casper, Brown, and HR Representative Christina Philippi (age unknown).

46. During this meeting, Casper, Brown and Philippi terminated Brodbeck's employment citing misconduct.

47. Shocked, Brodbeck asked for more specifics, but Casper refused to elaborate.

48. Brodbeck pushed back, saying that there must have been some mistake.

49. Casper explained that by going into the stores and taking pictures on his own time, Brodbeck had violated company policy.

5

50. Brodbeck did not deny going and taking the pictures at one singular store (Casper had alleged Brodbeck had gone to multiple), but explained that he did so on his own time, outside the scope of his employment, and as he was doing his regular shopping.

51. Further, Brodbeck explained that other, younger Brand Managers like Marina Niemiec (early/mid 30s) and Chadi Meksini (mid/late 30s), took similar photos, sent them through the group text (which included Casper), and were not fired for it.

52. Despite evidence of disparate treatment, Casper remained stubborn and enforced the termination.

53. Marketsource, Inc.'s purported reason(s) for Brodbeck's employment termination was pretextual.

54. Defendants actually terminated Brodbeck's employment discriminatorily against his age.

55. As a result of the above, Brodbeck has suffered and will continue to suffer damages.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq.***

56. Brodbeck restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. Brodbeck is 64 years old (and was 62 during the relevant times described herein), and thus is in a protected class for his age.

58. Upon information and belief, Brodbeck is older than the other employees named herein.

59. The only other Marketsource Inc. employee that was close to Brodbeck's age was Robinson, whose employment was also suddenly terminated.

60. Marketsource Inc., by and through Casper, treated Brodbeck differently from other similarly situated employees based on his age.

6

61. R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

62. Marketsource Inc.'s termination of Brodbeck's employment was an adverse employment action against him.

63. Marketsource Inc.'s purported reason(s) for Brodbeck's employment termination was pretextual.

64. Marketsource Inc. actually terminated Brodbeck's employment due to his age.

65. Marketsource Inc. violated R.C. § 4112 *et seq.* by terminating Brodbeck's employment because of his age.

66. Marketsource Inc. violated R.C. § 4112 *et seq.* by treating Brodbeck differently from other similarly situated employees outside his protected class.

67. Marketsource Inc. violated R.C. § 4112 *et seq.* by applying their employment policies in a disparate manner based on Brodbeck's age.

68. Marketsource Inc. violated R.C. § 4112 *et seq.* by applying their disciplinary policies in a disparate manner based on Brodbeck's age.

69. As a direct and proximate result of Marketsource Inc.'s acts and omissions, Brodbeck has suffered and will continue to suffer damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

70. Brodbeck restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Brodbeck is 64 years old (and was 62 years old during the relevant times described herein), and thus is in a protected class for his age.

7

72. At all times relevant, Brodbeck was a member of a statutorily protected class under the ADEA for his age.

73. At all times relevant, Brodbeck was fully qualified for his position and employment with Marketsource Inc.

74. The ADEA provides that it is an unlawful discriminatory practice for an employer to discriminate against and/or wrongfully terminated an employee on the basis of the employee's age.

75. Marketsource Inc., by and through Casper, discriminated against Brodbeck and wrongfully terminated his employment because he was taking photos for his job.

76. Brodbeck specifically mentioned that he took those photos off the clock, outside the scope of his employment.

77. Brodbeck complained to Marketsource Inc. that younger employees who were taking similar photos in their downtime were not similarly disciplined or fired.

78. Marketsource Inc. treated Brodbeck differently than other similarly situated employees based upon his age.

79. Marketsource Inc.'s termination of Brodbeck's employment was an adverse employment action against him.

80. Marketsource Inc.'s purported reason(s) for Brodbeck's employment termination was pretextual.

81. Marketsource Inc. actually terminated Brodbeck's employment due to his age.

82. Marketsource Inc. violated the ADEA by terminating Brodbeck's employment because of his age.

8

83. Marketsource Inc. violated the ADEA by treating Brodbeck differently from other similarly situated employees outside his protected class.

84. Marketsource Inc. violated the ADEA by applying its employment policies in a disparate manner based on Brodbeck's age.

85. Marketsource Inc. violated the ADEA by applying its disciplinary policies in a disparate manner based on Brodbeck's age.

86. As a direct and proximate result of Marketsource Inc.'s acts and omissions, Brodbeck has suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

9

b) Issue an order requiring Defendant to expunge Plaintiff's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.


Respectfully submitted,


__/s/ Matthew Bruce____
Matthew G. Bruce (0083769)
Trial Attorney
Evan R. McFarland (0096953)
Brianna R. Carden (0097961)
THE SPITZ LAW FIRM, LLC
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff William Brodbeck*


10

## JURY DEMAND

Plaintiff WILLIAM BRODBECK demands a trial by jury by the maximum number of jurors permitted.

___/s/ Matthew Bruce ____<br>
Matthew G. Bruce (0083769)

11

FIRST-CLASS MAIL

neopost
09/09/2021
US POSTAGE $007.16⁰

ZIP 45202
041L12204677

AFTAB PUREVAL
1000 MAIN STREET   ROOM 315
CINCINNATI OH 45202
COMMON PLEAS CIVIL
A 2103127 D 1

CERTIFIED MAIL



7194 5168 6310 0947 0713

09/09/2021  SUMMONS & COMPLAINT
MARYLAND MARKETSOURCE INC
C/O CORP SER CO S/A
50 WEST BROAD ST STEE 1330
COLUMBUS OH 43215